E-FILED
Thursday, 26 March, 2020  02:25:40 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS-SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MARGARITA A. MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | . |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMIE DALE COX, | ) | No.: |
| MURRAY BROS, LLC, LARRY | ) | |
| MURRAY TRUCKING, INC.          and | ) | |
| PIRAMAL GLASS-USA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, MARGARITA A. MARTINEZ, by her attorneys, THE LAW OFFICE OF TIMOTHY J. DEFFET, and for her Complaint At Law against the Defendants JIMMIE DALE COX, MURRAY BROS LLC, LARRY MURRAY TRUCKING, INC. and PIRAMAL GLASS-USA, Inc., states as follows:

**COUNT I-JIMMIE DALE COX & MURRAY BROS LLC**

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That MURRAY BROS LLC is and at all times herein was a Missouri limited liability company based out of Farmington, Missouri, and a motor carrier capable of suing and being sued in the State of Illinois operating under USDOT No. 1099637 and MC (MX) No. 452040 and traveling interstate conducting business in Illinois.

3.      That on April 29, 2018, at approximately 5:34 P.M., MURRAY BROS LLC owned the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier MURRAY BROS LLC.

5.      That on April 29, 2018, at approximately 5:34 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

6.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was operating MURRAY BROS LLC's 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:34 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

8.      That on April 29, 2018, at approximately 5:34 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner.

9.      That on April 29, 2018, at approximately 5:34 P.M., defendant MURRAY BROS LLC, individually and by and through its agent and/or employee, defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Failed to keep a careful lookout;

(b)     Failed to stop his motor vehicle when the danger of collision was imminent, in violation of 625 ILCS §5/11-601(a);

(c)     Failed to yield the right-of-way;

(d)     Drove at an excessive speed;

(e)     Drove at a speed in excess of the conditions of the roadway in violation of 625
ILCS §5/11-601(a);

(f)     Knew or by the use of the highest degree of care could have known that there was
a reasonable likelihood of collision in time thereafter to have stopped, or swerved,
or slackened speed or slackened speed and swerved but failed to do so;

(g)     Drove his 2014 Peterbilt truck in such a manner so as to strike and collide with
the rear of Plaintiff's vehicle;

(h)     Failed to apply brakes and steer the 2014 Peterbilt truck in such manner as to
prevent it from striking the rear of Plaintiff's vehicle;

(i)     Failed to operate a commercial vehicle in accordance with the laws and
regulations of the Code of Federal Regulations in violation of Title 49, Code of
Federal Regulations, §392.2;

(j)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a
safe operating condition in violation of Title 49, Code of Federal Regulations,
§396.13(a);

(k)     Operated a motor vehicle in such a condition as was likely to cause an accident in
violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

(l)     Operated a commercial motor vehicle with defective equipment;

(m)     Operated a 2014 Peterbilt truck with defective equipment;

(n)     Operated a trailer with defective equipment;

(o)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in

violation of the provisions of Title 49, Code of Federal Regulations, §393.40;

(p)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and

        commercial motor vehicle in violation of the requirements of Title 49, Code of

        Federal Regulations, §393.52;

(q)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in

        violation of 625 ILCS §5/12-301;

(r)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of Title 49,

        Code of Federal Regulations, §396.3(a);

(s)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating

        condition in violation of the provisions of Title 49, Code of Federal Regulations,

        §396.3(a)(1);

(t)     Drove a commercial motor vehicle without first being satisfied that the service

        brakes and truck brake connections were in good working order in violation of the

        provisions of Title 49, Code of Federal Regulations, §392.7;

(u)     Drove and operated a commercial motor vehicle in violation of the hours of

        service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.; and

(v)     Drove and operated a commercial motor vehicle for more than ten hours

        following eight consecutive hours off-duty in violation of the provisions of Title

        49, Code of Federal Regulations, §395.3;

(w)     Followed another vehicle more closely than was reasonable and prudent, without

        due regard for the speed of such vehicles and the traffic upon the highway in

        violation of 625 ILCS §5/11-710;

(x)     Failed to give an audible warning with the horn when such warning was

reasonably necessary to ensure safety in violation of 625 ILCS §5/12-601;

(y) Was otherwise negligent in the operation of his motor vehicle.

10.     That as a direct and proximate result of the negligence of Defendants and the

collision aforementioned, Plaintiff sustained injuries including severe injuries to her face,

including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction

surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital,

causing her to incur substantial expenses for medical and hospital care, causing her to be unable

to perform the activities she could perform but for the collision aforementioned, causing her to

suffer past and future disability, lost earnings and a diminution of his earning capacity in the past

and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment

against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus

costs.

## COUNT II-MURRAY BROS LLC

1.     That this cause of action occurred in Sangamon County, Illinois.

2.     That MURRAY BROS LLC is and at all times herein was a Missouri limited

liability company based out of Farmington, Missouri, and a motor carrier capable of suing and

being sued in the State of Illinois operating under USDOT No. 1099637 and MC (MX) No.

452040 and traveling interstate conducting business in Illinois.

3.     That on April 29, 2018, at approximately 5:34 P.M., MURRAY BROS LLC

owned the 2014 Peterbilt truck described hereinafter and employed the driver and operator,

JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier MURRAY BROS LLC.

5.      That on April 29, 2018, at approximately 5:34 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

6.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was operating MURRAY BROS LLC's 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:34 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

8.      That on April 29, 2018, at approximately 5:34 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner and to hire competent, safe personnel.

9.      That the Defendant motor carrier, MURRAY BROS LLC was negligent in that said motor carrier,

(a)     Failed to make a reasonable inquiry as to its driver's competence;

(b)     Selected an incompetent and unfit driver;

(c)     Failed to select a competent and fit driver;

(d)     Hired and retained an unsafe and unqualified driver;

- 6 -

(e)     Hired and retained an inadequately trained and incompetent driver;

(f)     Entrusted the 2014 Peterbilt truck to an incompetent driver;

(g)     Entrusted its vehicle to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

(h)     Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident; and

(i)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

10. That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

## COUNT III-JIMMIE DALE COX & PIRAMAL GLASS-USA, INC.

1.     That this cause of action occurred in Sangamon County, Illinois.

2.     That Defendant PIRAMAL GLASS-USA, Inc. is and at all times herein was a Delaware corporation, with a principal place of business of New Jersey, and a motor carrier

capable of suing and being sued in the State of Illinois which has operated under a USDOT

number and travels interstate conducting business in Illinois.

3.     That on April 29, 2018, Defendant PIRAMAL GLASS-USA, Inc., was a

corporation that specialized in glass bottling and transported its materials interstate and did

business in Sangamon County, Illinois.

4.     That on April 29, 2018, at approximately 5:34 P.M., PIRAMAL GLASS-USA,

Inc. operated, owned, managed or controlled the 2014 Peterbilt truck described hereinafter and

employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

5.     That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was an

agent, servant and employee acting in the course and scope of his agency and employment of,

with and for PIRAMAL GLASS-USA, Inc.

6.     That on April 29, 2018, at approximately 5:34 P.M., PLAINTIFF MARGARITA

A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by

Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by

JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake

Township, Sangamon County, IL.

7.     That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was

operating under the management and control of PIRAMAL GLASS-USA, Inc.as he drove the

2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake

Township, Sangamon County, IL.

8.     That on April 29, 2018, at approximately 5:34 P.M., the vehicle in which Plaintiff

was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

9.      That on April 29, 2018, at approximately 5:34 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate, manage or control its vehicle in a reasonably safe manner.

10.     That on April 29, 2018, at approximately 5:34 P.M., Defendant PIRAMAL GLASS-USA, Inc., individually and by and through its agent and/or employee, Defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Failed to keep a careful lookout;

(b)    Failed to stop his motor vehicle when the danger of collision was imminent, in violation of 625 ILCS §5/11-601(a);

(c)    Failed to yield the right-of-way;

(d)    Drove at an excessive speed;

(e)    Drove at a speed in excess of the conditions of the roadway in violation of 625 ILCS §5/11-601(a);

(f)    Knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed or slackened speed and swerved but failed to do so;

(g)    Drove his 2014 Peterbilt truck in such a manner so as to strike and collide with the rear of Plaintiff's vehicle;

(h)    Failed to apply brakes and steer the 2014 Peterbilt truck in such manner as to prevent it from striking the rear of Plaintiff's vehicle;

(i)     Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

(j)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, §396.13(a);

(k)     Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

(l)     Operated a commercial motor vehicle with defective equipment;

(m)     Operated a 2014 Peterbilt truck with defective equipment;

(n)     Operated a trailer with defective equipment;

(o)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §393.40;

(p)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of Title 49, Code of Federal Regulations, §393.52;

(q)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

(r)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

(s)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

- 10 -

(t)     Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of Title 49, Code of Federal Regulations, §392.7;

(u)     Drove and operated a commercial motor vehicle in violation of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.; and

(v)     Drove and operated a commercial motor vehicle for more than ten hours following eight consecutive hours off-duty in violation of the provisions of Title 49, Code of Federal Regulations, §395.3;

(w)     Followed another vehicle more closely than was reasonable and prudent, without due regard for the speed of such vehicles and the traffic upon the highway in violation of 625 ILCS §5/11-710;

(x)     Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS §5/12-601;

(y) Was otherwise negligent in the operation of his motor vehicle.

11.     That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

### COUNT IV-PIRAMAL GLASS-USA, INC.

1.     That this cause of action occurred in Sangamon County, Illinois.

2.     That Defendant PIRAMAL GLASS-USA, Inc. is and at all times herein was a Delaware corporation, with a principal place of business of New Jersey, and a motor carrier capable of suing and being sued in the State of Illinois which has operated under a USDOT number and travels interstate conducting business in Illinois.

3.     That on April 29, 2018, Defendant PIRAMAL GLASS-USA, Inc., was a corporation that specialized in glass bottling and transported its materials interstate and did business in Sangamon County, Illinois.

4.     That on April 29, 2018, at approximately 5:34 P.M., PIRAMAL GLASS-USA, Inc. operated, owned, managed or controlled the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

5.     That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for PIRAMAL GLASS-USA, Inc.

6.     That on April 29, 2018, at approximately 5:34 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

- 12 -

7.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was operating under the management and control of PIRAMAL GLASS-USA, Inc.as he drove the 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

8.      That on April 29, 2018, at approximately 5:34 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

9.       That on April 29, 2018, at approximately 5:34 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate, manage or control its vehicle in a reasonably safe manner.

10.     That on April 29, 2018, at approximately 5:34 P.M., Defendant PIRAMAL GLASS-USA, Inc., individually and by and through its agent and/or employee, Defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

11.     That the Defendant motor carrier, PIRAMAL GLASS-USA, INC. was negligent in that said motor carrier,

    (a)     Failed to make a reasonable inquiry as to its driver's competence;

    (b)     Selected an incompetent and unfit driver;

    (c)     Failed to select a competent and fit driver;

    (d)     Hired and retained an unsafe and unqualified driver;

    (e)     Hired and retained an inadequately trained and incompetent driver;

    (f)     Entrusted the 2014 Peterbilt truck to an incompetent driver;

(g)     Entrusted its vehicle to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

(h)     Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident; and

(i)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

12.     That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

**COUNT V-JIMMIE DALE COX & LARRY MURRAY TRUCKING, INC.**

1.     That this cause of action occurred in Sangamon County, Illinois.

2.     That LARRY MURRAY TRUCKING, INC. is and at all times herein was a Missouri corporation based out of Farmington, Missouri, and a motor carrier capable of suing and being sued in the State of Illinois and traveling interstate conducting business in Illinois.

3.      That on April 29, 2018, at approximately 5:34 P.M., LARRY MURRAY TRUCKING, INC. owned the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier LARRY MURRAY TRUCKING, INC.

5.      That on April 29, 2018, at approximately 5:34 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

6.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was operating LARRY MURRAY TRUCKING, INC.'s 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:34 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

8.       That on April 29, 2018, at approximately 5:34 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner.

9.      That on April 29, 2018, at approximately 5:34 P.M., defendant LARRY MURRAY TRUCKING, INC., individually and by and through its agent and/or employee, defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Failed to keep a careful lookout;

(b)     Failed to stop his motor vehicle when the danger of collision was imminent, in violation of 625 ILCS §5/11-601(a);

(c)     Failed to yield the right-of-way;

(d)     Drove at an excessive speed;

(e)     Drove at a speed in excess of the conditions of the roadway in violation of 625 ILCS §5/11-601(a);

(f)     Knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed or slackened speed and swerved but failed to do so;

(g)     Drove his 2014 Peterbilt truck in such a manner so as to strike and collide with the rear of Plaintiff's vehicle;

(h)     Failed to apply brakes and steer the 2014 Peterbilt truck in such manner as to prevent it from striking the rear of Plaintiff's vehicle;

(i)     Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

(j)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, §396.13(a);

(k)     Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

(l)     Operated a commercial motor vehicle with defective equipment;

(m)     Operated a 2014 Peterbilt truck with defective equipment;

(n)     Operated a trailer with defective equipment;

(o)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §393.40;

(p)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of Title 49, Code of Federal Regulations, §393.52;

(q)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

(r)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

(s)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

(t)     Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of Title 49, Code of Federal Regulations, §392.7;

(u)     Drove and operated a commercial motor vehicle in violation of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.; and

(v)     Drove and operated a commercial motor vehicle for more than ten hours following eight consecutive hours off-duty in violation of the provisions of Title 49, Code of Federal Regulations, §395.3;

(w)     Followed another vehicle more closely than was reasonable and prudent, without

due regard for the speed of such vehicles and the traffic upon the highway in

violation of 625 ILCS §5/11-710;

(x)     Failed to give an audible warning with the horn when such warning was

reasonably necessary to ensure safety in violation of 625 ILCS §5/12-601;

(y) Was otherwise negligent in the operation of his motor vehicle.

10.     That as a direct and proximate result of the negligence of Defendants and the

collision aforementioned, Plaintiff sustained injuries including severe injuries to her face,

including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction

surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital,

causing her to incur substantial expenses for medical and hospital care, causing her to be unable

to perform the activities she could perform but for the collision aforementioned, causing her to

suffer past and future disability, lost earnings and a diminution of his earning capacity in the past

and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment

against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus

costs.

## COUNT VI-LARRY MURRAY TRUCKING, INC.

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That LARRY MURRAY TRUCKING, INC. is and at all times herein was a Missouri corporation based out of Farmington, Missouri, and a motor carrier capable of suing and being sued in the State of Illinois and traveling interstate conducting business in Illinois.

3.      That on April 29, 2018, at approximately 5:34 P.M., LARRY MURRAY TRUCKING, INC. owned the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier LARRY MURRAY TRUCKING, INC.

5.      That on April 29, 2018, at approximately 5:34 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

6.      That on April 29, 2018, at approximately 5:34 P.M., JIMMIE DALE COX was operating LARRY MURRAY TRUCKING's 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:34 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

8.       That on April 29, 2018, at approximately 5:34 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee

JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner and to hire competent, safe personnel.

9.      That the Defendant motor carrier, LARRY MURRAY TRUCKING, INC. was negligent in that said motor carrier,

(a)     Failed to make a reasonable inquiry as to its driver's competence;

(b)     Selected an incompetent and unfit driver;

(c)     Failed to select a competent and fit driver;

(d)     Hired and retained an unsafe and unqualified driver;

(e)     Hired and retained an inadequately trained and incompetent driver;

(f)     Entrusted the 2014 Peterbilt truck to an incompetent driver;

(g)     Entrusted its vehicle to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

(h)     Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident; and

(i)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

10. That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and

future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

_____/s/_____

Timothy J. Deffet, Attorney for Plaintiff

ARDC#6255823
Timothy J. Deffet
Attorney for Plaintiff MARGARITA A. MARTINEZ
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS-SANGAMON DIVISION**

| | |
|---|---|
| MARGARITA A. MARTINEZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| JIMMIE DALE COX, | )  No.: |
| MURRAY BROS, LLC, LARRY | ) |
| MURRAY TRUCKING, INC.    and | ) |
| PIRAMAL GLASS-USA, INC., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## **AFFIDAVIT**

I, Timothy J. Deffet, the attorney for Plaintiff, being first duly sworn on oath, depose and state as follows:

1. I represent the plaintiff in the above cause of action.

2. Upon investigation of the facts as known to me at this time, including the nature and extent of the physical injuries and medical expenses appurtenant, the damages in this case, exclusive of interest and costs, are in excess of $75,000.00.

FURTHER AFFIANT SAYETH NAUGHT.

                                     /s/_____
                                Timothy J. Deffet, Attorney for Plaintiff

ARDC#6255823
Attorney for Plaintiff MARGARITA A. MARTINEZ
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719